**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**IN RE:**                                    **: Chapter 13**
**Riddick, Omar**
**Hills, Cynthia Y.**
           **Debtors/ Respondents       : 17-15637**

**Answer to Motion of**
**For Relief from Automatic Stay**

Debtor Omar Riddick and Cynthia Y Hills, by and through their undersigned attorney, herby provides the following answers to the Motion for Relief from Stay filed by PENNSYLVANIA HOUSING FINANCE AGENCY. ("Movant"). These responses are made without prejudice to debtors' right to present additional facts or contentions at trial based upon information hereinafter obtained or evaluated. Debtors specifically reserve the right to supplement or amend their responses or present additional facts and contentions at a later date to any of the answers given.

1.       Denied.  The allegation contained herein are directed to a party other than the answering debtor, and they are denied as no response is required.

2.       Admitted in part and denied in part.  It is admitted that "Debtor(s) are the owner(s) of the premises 505 West Race Street, Stowe a/k/a Pottstown, PA 19464". The remaining averment contained in this Paragraph consists of mischaracterization or summarization of documents that speak for themselves  and they are denied as no response is required.

3.       Denied The averments contained in this Paragraph consist of mischaracterization or summarization of documents that speak for themselves  and they are denied as no response is required.

4.       Admitted.

5.       Denied as stated.  The filing of a bankruptcy petition immediately puts into effect the automatic stay, which prevents creditors from taking any further actions against the debtor or the debtor's property with respect to claims arising prior to commencement of the case. See 11 U.S.C. Section 362.   By way of further answer, the allegation contained herein are directed to a party other than the answering debtors, and they are denied as no response is required.   Proof thereof is demanded.

6.       Denied.   Proof thereof is demanded.

7.       Denied.  Any request for costs and legal fees in excess of $400,  is excessive. The pleading in this  motion for relief is  identical and/or similar, with other motions for relief filed which request only $400 for legal fees and costs.  There is no stated or  apparent reason or justification for any higher request.  See In Re: B & K

Brady Bk No. 03-18198 DWS  (Request $400) or In Re: E.Frisby Bk. No. 03-31127 DWS (Request $400).

8.      Denied.  Debtors can neither admit nor deny the allegations because Debtor has no personal knowledge of the accuracy of such statement.  Strict proof is hereby demanded.  See also Debtors responses above found in paragraphs 6 and 7 as fully set forth herein.

9.      Denied.  Proof thereof is demanded.

10.     The allegation is a legal conclusion of law to which no answer is required.

11.     Denied.  Debtors can neither admit nor deny the allegations because Debtor has no personal knowledge of the accuracy of such statement.  Strict proof is hereby demanded.

For the reasons set forth above, among others, and based on this Court's authority under the Bankruptcy Code, the Debtors pray that the motion be denied, and such other relief as is just and proper.  The Debtors specifically reserve the right to supplement the answer at or prior to the hearing thereon.

Dated:  June 8, 2018

"/s/" Mitchell J. Prince
John L. Mc Clain, Esquire
Mitchell J. Prince, Esquire
Attorneys for Debtors
P.O. Box 123
Nrberth, PA 19072
(215) 893-9357