**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:                                                    : Chapter 13
    Riddick, Omar
    Hills, Cynthia Y.
        Debtors                         :           17-15637

## OBJECTION TO CERTIFICATION OF DEFAULT

      Debtors through their counsel, hereby objects to PENNSYLVANIA HOUSING FINANCE AGENCY (hereinafter "Mortgage Company") "Certificate of Default" with a proposed attached "Order Modifying Section 362 Automatic Stay" that seeks the inapplicability of Federal Bankruptcy Rules.  Debtors by and through their counsel  in support thereof avers as follows:

      1.    On  November 11, 2021, the Bankruptcy Court's ECF docket report showed that Movant's counsel filed a "Certification of Default" dated November 11, 2021, that certified that *"Debtor has failed to respond or otherwise cure the default."*

      2.    The Debtors' residence is and at all times relevant to this case has been an asset included in the Debtor's bankruptcy estate.

      3.    The Joint Debtor contacted counsel today, November 16, 2021 and stated she was approved for a Covid Forbearance, that per the Mortgage Company's instructions she made full monthly mortgage payments when possible and some partial monthly payments during months her income was effected by Covid.

      4.    As of the date of this Objection, per Debtor's counsel's request the Debtors have reached out to the mortgage company and have requested Covid-19 loss mitigation.  The Debtors believe they are eligible for a modification which will remedy  whatever problem(s) served as grounds for relief in respect to the Stipulation, if any ever existed.

      5.    Even if Movant is entitled to relief from the stay, the stay should not be terminated.  The Court should grant less drastic relief by conditioning or modifying the stay.

      For the reasons set forth above, among others, and based on this Court's authority under the Bankruptcy Code, the Debtors  pray that denial of the consideration or the entry of the Mortgage Company's "Order Modifying Section 362 Automatic Stay" and such other relief as is just and proper.  The Debtors specifically reserve the right to supplement the answer at or prior to the hearing thereon.

Dated:  November 16, 2021

 _/"s"/Mitchell J. Prince, Esquire_
John L. Mc Clain, Esquire
Mitchell J. Prince, Esquire
Attorneys for Debtors
PO Box 123
Narberth, PA 19072